UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

MARY DAVIS,

                   Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
16-CR-0301 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 19, 2017, Mary Davis ("Defendant") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). The Court now sentences her and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 12 months and 1 day of incarceration, 1 year of supervised release, and payment of a $100.00 special assessment.

## BACKGROUND

On May 29, 2016, the United States filed a Complaint alleging Defendant and her co-defendant had unlawfully conspired to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance. *See* Compl. at 1, ECF No. 1. On June 7, 2016, the United States indicted Defendant and her co-defendant on two counts: (1) conspiracy to distribute and possess cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and (2) possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). *See* Indictment at 1-2, ECF No. 10. On January 19, 2017, Defendant pleaded guilty to Count One of the Indictment pursuant to a Plea Agreement. *See* Plea Agreement ¶ 1, ECF No. 34.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### II. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on February 24, 1988, to married parents. Presentence Investigation Report ("PSR") ¶ 32, ECF No. 37. Her parents divorced when Defendant was seven years old, after which Defendant lived with her mother, who received financial support from Defendant's

father. *Id.* Defendant is close with her parents and lives with her mother in Los Angeles, California. *Id.* Defendant has one brother and one half-brother; she is close with both. *Id.* ¶ 33. Her family is aware of the instant conviction and is supportive of her. *Id.* ¶¶ 32-33.

Defendant graduated from high school in 2006. *Id.* ¶ 43. Around that time, Defendant had her first child, T.R., who is now ten. *Id.* ¶ 35. T.R.'s father has not had contact with his daughter for at least five years and has not provided financial support for T.R. *Id.* Defendant has two other children, B.L., nine years old, and J.K., three years old. *Id.* B.L.'s father provides financial support for B.L. and has contact with her; Defendant has not been in contact with J.K.'s father since J.K.'s birth. *Id.* Prior to 2014, Defendant primarily relied on financial support from her family to raise her children. *Id.* ¶ 48. Thereafter, she has worked on and off as a member of a cleaning staff at a car rental company, *id.* ¶ 48, a security guard, *id.* ¶ 47, and a sales associate, *id.* ¶ 45. She has relied on public assistance since her last position ended. *Id.* ¶ 44.

Defendant was arrested for the instant offense on May 27, 2016, at LaGuardia Airport in Queens, New York. *Id.* ¶ 3. She and her co-defendant had arrived at LaGuardia on a flight from Los Angeles, via Denver, Colorado, and were collecting their suitcases from the baggage claim when they were approached by agents from the Drug Enforcement Administration ("DEA") pursuant to an ongoing investigation. *Id.* ¶ 4. When questioned, Defendant told the agents her suitcase contained gifts her boyfriend had asked her to deliver. *Id.* The agents searched the suitcases and found two wrapped boxes, which contained cocaine. *Id.* The co-defendant's suitcases also contained similar boxes. *Id.* ¶¶ 4-6. Laboratory results revealed Defendant transported 8,987 net grams of cocaine and her co-defendant transported 9,957 net grams of

cocaine. *Id.* ¶ 7. They are each responsible for the entire amount of 18.944 kilograms of cocaine. *Id.* When questioned by DEA agents, Defendant said she was aware she had been carrying narcotics, but she had believed it to be marijuana. *Id.* ¶ 10. She also admitted she had made two prior drug delivery trips and had been paid $1,000 for each trip. *Id.* ¶ 8.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter her and others from engaging in similar criminal activity in the future. The Court also takes into account Defendant's two previous drug transportation trips as well as Defendant's need to provide for and care for her three young children.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to one count of conspiracy to distribute and possess cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), for which she faces a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 960(b)(3). If a term of imprisonment is

imposed, the Court must also impose a term of supervised release of at least three years, *see id.*, unless Defendant satisfies the mitigating factors in 18 U.S.C. § 3553(f), in which case the statutory minimum does not apply and the authorized term of supervised release is not more than three years, *see* 18 U.S.C. § 3583(b)(2). Because the offense is a Class C felony, Defendant may also be sentenced to a term of probation of not less than one nor more than five years, *see id.* § 3561(c)(1), with one of the following conditions unless extraordinary circumstances exist: a fine, restitution, or community service, *see id.* § 3563(a)(2). Defendant also faces a maximum fine of $1,000,000.00, *see* 21 U.S.C. § 960(b)(3), and payment of the mandatory special assessment of $100.00, *see* 18 U.S.C. § 3013.

### D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

Guidelines § 2D1.1(a)(5) applies to violations of 21 U.S.C. § 846 and, per Guidelines § 2D1.1(c)(4), sets a base offense level of thirty-two, which is further reduced by two levels to thirty because Defendant receives a mitigating role adjustment under Guidelines § 3B1.2. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(a)(5), (c)(4) (Nov. 2016) ("USSG" or "Guidelines"). Because Defendant has satisfied all five factors outlined in 18 U.S.C. § 3553(f) and Guidelines § 5C1.2, she is eligible for a two-level safety-valve reduction. *Id.* § 2D1.1(b)(17). Defendant was also a minimal participant in the offense, so a four-level reduction is applied. *Id.* § 3B1.2(a). In addition, Defendant's acceptance of responsibility by

5

pleading guilty permits a further three-level reduction. *Id.* § 3E1.1(a), (b). Accordingly, Defendant's total adjusted offense level is twenty-one. Defendant has a criminal history score of zero, PSR ¶ 27, and a criminal history category of one, *see* USSG ch. 5, pt. A.

Given a total offense level of twenty-one and a criminal history category of one, the Guidelines suggest a term of imprisonment of between thirty-seven and forty-six months. USSG ch. 5, pt. A. Defendant may also be sentenced to: a term of supervised release of one to three years because she meets the criteria set forth in 18 U.S.C. § 3553(f) and Guidelines § 5C1.2, so no statutory minimum applies, *id.* § 5D1.2(a); a fine of between $15,000.00 and $1,000,000.00, *id.* § 5E1.2(c); and payment of the costs of prosecution, *id.* § 5E1.5. The Guidelines suggest Defendant is ineligible for probation. *Id.* § 5B1.1 cmt. n.2.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). Consistent with the Sentencing Commission's Policy Statement expressed in Guidelines § 5K2.21, the Court may consider Defendant's uncharged conduct that was not included in the calculation of her Guidelines range—specifically, the two previous drug transportation trips to which Defendant has admitted. *Id.* § 5K2.21.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and

Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in this case, *see id.* § 3663.

## CONCLUSION

A sentence of 12 months and 1 day of incarceration, 1 year of supervised release, and payment of the $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the Addendum thereto and imposes the special condition of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 27, 2017
Brooklyn, New York